**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                                                           **3:13-cr-47-J-34JBT**

**MELVIN HUBERT HOLMES**

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion for Judgment of Acquittal/Motion for a New Trial (Doc. No. 68; Motion) filed on October 9, 2013. Following a two-day jury trial, on September 17, 2013, the jury returned a verdict finding Defendant, Melvin Hubert Holmes, guilty as to Counts One and Two of the Indictment (Doc. No. 1; Indictment). See Verdict Form (Doc. No. 65; Verdict). Specifically, the jury found Defendant Holmes guilty of producing or attempting to produce visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a) and (e) (Count One), and possessing one or more matters containing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two). See Verdict. In the Motion, Defendant Holmes requests that the Court enter a judgment of acquittal and grant him a new trial pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure (Rule(s)). Motion at 1. The Government filed a memorandum in opposition to the Motion, see United States' Response in Opposition to Defendant's Motion for New Trial and Motion for Judgment of Acquittal (Doc. No. 69; Response), on October 23, 2013. Accordingly, the Motion is ripe for the Court's review.

**I.      Summary of the Arguments**

Although Defendant Holmes generally argues for a new trial and judgment of acquittal because "[t]he verdict was contrary to the law and the weight of the evidence," he only makes one specific argument to support the requested relief. Defendant Holmes maintains that the evidence at trial "did not establish that the videos and images had ever traveled or were meant to move or travel in interstate commerce." Motion at 1. In its Response, before addressing this argument, the Government discusses the weight of the evidence against Defendant Holmes, and whether the videos were sexually explicit—the issue Holmes raised in his ore tenus motion pursuant to Rule 29 following the close of the Government's case.[1] See Response at 1-7. Because the argument Defendant Holmes raises in the Motion relates only to the interstate commerce element as to § 2251(a), the Court need not address argument raised at trial and not renewed in the instant Motion.

As to Holmes's specific argument, the Government does not dispute that it presented no evidence that the visual depictions at issue in the case ever traveled or were intended to travel in interstate commerce. Id. at 7. Instead, the Government contends that § 2251(a) does not require such evidence. See id. It explains that the statute contains three alternative jurisdictional elements, and the one that Defendant Holmes was charged with violating requires only that the visual depictions were produced using materials that have been mailed, shipped or transported in or affecting interstate commerce. See id. at

---

[1] Defendant Holmes did not make any other arguments in his Rule 29 Motion, including the argument he makes for the first time in the instant Motion.

7-8. As Defendant Holmes stipulated to the facts necessary to satisfy this element, the Government argues the instant Motion should be denied. See id. at 9-10.

## II.     Discussion

### A.     Judgment of Acquittal

Rule 29 provides the Court with authority, where appropriate, to enter a judgment of acquittal following a guilty verdict. Rule 29(c)(2). A motion for judgment of acquittal under Rule 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994); see also United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) ("In considering a motion for the entry of judgment of acquittal under [Rule 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction."). In ruling on a motion for judgment of acquittal, "a district court must 'determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.'" United States v. Grigsby, 111 F.3d 806, 833 (11th Cir. 1997) (quoting United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)).

> Section 2251(a) provides:
>
> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know

> that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Tracking the applicable language of the statute, Count One of the Indictment alleges that Defendant Holmes

> did knowingly employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce a minor to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce by any means.

Indictment at 1.[2]  During the trial, the Government introduced evidence that Defendant Holmes placed hidden cameras in the minor victim's bathroom and surreptitiously recorded her dressing and undressing. Holmes's wife testified that she found the videos from these recordings on his computer. In his Motion, as at trial, Defendant Holmes does not argue that there was insufficient evidence that he placed the cameras there and therefore used his minor daughter to produce visual depictions of this conduct. Instead, Defendant Holmes contended at trial that the videos did not depict sexually explicit conduct. Following

---

[2] Defendant Holmes does not address Count Two of the Indictment, which charges a violation of 18 U.S.C. § 2252(a)(4). See Indictment at 1-2. Section 2252(a)(4) contains similar jurisdictional language as to possession of matters containing visual depictions of minors engaged in sexually explicit conduct that either have been mailed, shipped or transported in interstate or foreign commerce or were produced using materials which have been mailed or so shipped or transported. See 18 U.S.C. § 2252(a)(4)(B). To the extent Defendant Holmes intended to raise the jurisdictional challenge as to Count Two as well, the Court would reach the same result for § 2252(a)(4) as it does for § 2251(a). See generally United States v. Smith, 459 F.3d 1276, 1285 (11th Cir. 2006) (applying the same analysis as to the constitutional scope of Congress's authority to regulate production and possession of child pornography under the Commerce Clause). Accordingly, the Court will not address each charge separately.

the jury's guilty verdict finding that all of the elements of a violation of § 2251(a) were met, Defendant Holmes appears to have abandoned this argument[3] in favor of a jurisdictional challenge—that the Government did not prove the required connection to interstate commerce as to Count One of the Indictment.

In the context of evaluating the proper venue for a § 2251(a) violation, the Eleventh Circuit explained that the statute

> includes among its required elements that (1) that the defendant must know or have reason to know that "such visual depiction will be transported in interstate or foreign commerce or mailed," (2) that the "visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce," or (3) that the "visual depiction has actually been transported in interstate or foreign commere or mailed."

United States v. Kapordelis, 569 F.3d 1291, 1307-08 (11th Cir. 2009) (emphasis added). At trial, without objection from Defendant Holmes, the Court gave the jury the following instruction:

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1) an actual minor, that is, a real person who was less than 18 years old, was depicted;
>
> (2) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

---

[3] If Defendant Holmes had renewed his arguments as to this issue, the Court would reject them. The Government presented sufficient evidence for a reasonable jury to conclude that the depictions were lascivious, and thus sexually explicit ,and such a determination was appropriately left to the jury. See United States v. Johnson, 639 F.3d 433, 440-41 (8th Cir. 2011) (reversing a judgment of acquittal where a reasonable jury could have found that the defendant intended to capture sexually explicit conduct); see also Unites States v. Frabizio, 459 F.3d 80, 85 (1st Cir 2006) ("'Lascivious' is a 'commonsensical term,' and whether a given depiction is lascivious is a question of fact for the jury.") (internal citation omitted).

>> (3)  the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means.

Court's Jury Instructions (Doc. No. 64) at 11.  This instruction, consistent with a plain reading of the statute, applies only the charged jurisdictional element.  Although Defendant Holmes did not request an alternate instruction as to the third element of the offense, he now argues for a different reading of the statute, one in which there are only two potential jurisdictional elements, neither of which the Government proved at trial.  He reaches this conclusion by combining the first jurisdictional phrase in § 2251(a)—if a person knows or has reason to know that a visual depiction will be transferred in interstate commerce—with the last two jurisdictional phrases as alternatives, if either the visual depiction was produced using materials that have traveled in interstate commerce, or the visual depiction was actually transported in interstate or foreign commerce.  See Motion at 2-3.  Defendant Holmes argues that only the last phrase is preceded by the conjunction "or," and therefore the phrases before and after the conjunction must be alternative conditional predicates to the first clause.  See id. at 3.  This interpretation is inconsistent with the plain language of the statute.[4]  As the court in Kapordelis made clear, the jurisdiction element of § 2251(a) presents three alternative bases to satisfy the necessary connection with interstate commerce.  See Kapordelis, 569 F.3d at 1307-08.  The statute only contains one "or"

---

[4] In attempting to apply his interpretation of the statute, Defendant Holmes states that the Government would have to prove "either knowledge or reason to know that the [child pornography] will be transmitted or transported interstate combined with proof that the [child pornography] was produced or transmitted using interstate materials or means, or that the [child pornography] in fact actually be transported or transmitted interstate."  Motion at 3.  The second alternative method of proving the interstate commerce element would require knowledge or reason to know that the visual depiction will be transmitted or transported as well as proof that the visual depictions were actually transported or transmitted in interstate or foreign commerce.  Nothing in the statute suggests that the Government must prove both of these elements.

because the three bases were listed in a series. A defendant may be found guilty of violating § 2251(a) where, in addition to the other elements, the defendant either knows or has reason to know a visual depiction will be transported, the visual depiction was produced using materials that have been transported in interstate commerce, or the visual depiction was actually transported using any means of interstate commerce. See 18 U.S.C. § 2251(a).[5]

The Indictment in this case charged the second jurisdictional basis for a violation of § 2251(a). See Indictment at 1. At trial, the Government and Defendant Holmes stipulated that the Toshiba 250 GB computer hard disk drive entered into evidence "was manufactured in China, and therefore the visual depictions contained therein were produced using materials that ha[d] been mailed, shipped and transported in and affecting

---

[5] Defendant Holmes cites Kapordelis to support his interpretation of the required nexus with interstate commerce. See Motion at 6. However, the cited authority is inconsistent with his interpretation, as his theory results in only two alternative bases for the satisfaction of the interstate commerce element. In Kapordelis, the defendant was charged with actually transporting child pornography in interstate commerce as well as producing child pornography, as in this case, using materials that had been mailed, shipped, or transported in interstate commerce. Kapordelis, 569 F.3d at 1306 n.12.

The Eleventh Circuit has similarly broken down the jurisdiction element of § 2251(a) into three alternative subelements in Smith, stating. "The most natural reading of this provision is that jurisdiction extends to child pornography (1) produced with the intent that it eventually travel in interstate commerce; (2) produced with materials that have traveled in interstate commerce; or (3) that has traveled in interstate commerce." Smith, 459 F.3d at 1289. Defendant Holmes contends that this language is mere dicta. In that case, the defendant was charged with producing child pornography in violation of § 2251(a) and possessing it in violation of § 2252A(a)(5)(B). Id. at 1281. There, as here, the Government "did not attempt to demonstrate that the images either traveled in interstate commerce themselves or were produced with the intent that they would travel in interstate commerce." Id. at 1282. Instead, the Government intended to prove that the defendant produced visual depictions with materials that had been mailed, shipped or transported in interstate commerce. See id. On remand for reconsideration from the Supreme Court, the Eleventh Circuit reversed its earlier holding that such a connection to interstate commerce was too attenuated to fall within the scope of Congress's authority under the Commerce Clause. See id. at 1280-81, 83-85 ("We rather easily conclude that the application of § 2251(a) to Smith's intrastate production of child pornography is within Congress's constitutional authority."). Therefore, this authority supports the inescapable conclusion that § 2251(a) presents three separate and alternative jurisdictional elements.

interstate and foreign commerce." Stipulation (Doc. No. 59). Further, during his trial motion made pursuant to Rule 29, Defendant Holmes also acknowledged that this hard drive was transported in interstate and foreign commerce. His stipulation as to this fact is sufficient to establish the jurisdictional element of a violation of § 2251(a). As the jurisdictional argument is Defendant Holmes's sole basis for the relief sought in his Motion, and the Court finds that the Government produced evidence sufficient to allow a reasonable trier of fact to find Defendant Holmes guilty beyond a reasonable doubt as to both Counts of the Indictment, his request for judgment of acquittal in the instant Motion is due to be denied.

### B.   New Trial

Rule 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[6] Although motions for new trial are disfavored, see United States v. Williams, 146 F. App'x 425, 434 (11th Cir. 2005), the "interest of justice" standard is broad, and the trial court is vested with substantial discretion in determining whether to grant the motion. See United States v. Vicaria, 12 F.3d 195, 198 (11th Cir. 1994); United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). The court considers "whether the verdict must be set aside 'in the interest of justice.'" United States v. Green, 275 F. App'x 898, 899 (11th Cir. 2008) (internal quotations omitted); see also Vicaria, 12 F.3d at 198; Hall, 854 F.2d at 1271 (concluding

---

[6] As the Eleventh Circuit recognized, there are two grounds for granting a new trial under Rule 33: "interest of justice" and newly discovered evidence. See United States v. Hall, 854 F.2d 1269, 1270 (11th Cir. 1988). In this case, the only ground that could potentially be implicated in the Motion is the "interest of justice." See generally Motion.

that the trial "court has very broad discretion in deciding whether there has been a miscarriage of justice"); Martinez, 763 F.2d at 1312.

Defendant Holmes makes no specific argument as to why he may be entitled to a new trial. The Court has given due consideration to Defendant Holmes's argument, explained above, and concludes that he has failed to show that he is entitled to a new trial, or that the interests of justice demand that a new trial be granted in this case.[7] In light of the foregoing, the Court determines that Defendant's Motion is due to be denied. As such, it is

**ORDERED**:

Defendant's Motion for Judgment of Acquittal/Motion for New Trial (Doc. No. 68) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on this 14th day of January, 2014.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

---

[7] To the extent that Defendant Holmes's generic statement that the jury's verdict was "contrary to the law and the weight of the evidence" is the basis for the request for a new trial, this argument is without merit. When a defendant challenges the weight of the evidence in a motion for a new trial, "the court need not view the evidence in the light most favorable to the verdict" and "[i]t may weigh the evidence and consider the credibility of witnesses." Martinez, 763 F.2d at 1312; see also Green, 275 F. App'x at 900; United States v. McMahon, No. 8:04-cr-348-T-24TGW, 2007 WL 57778, at *1 (M.D. Fla. Jan. 5, 2007). Yet, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Green, 275 F. App'x at 900 (quoting Martinez, 763 F.2d at 1312-13). Indeed, "[f]or a court to set aside the verdict, '[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" Id. (quoting Martinez, 763 F.2d at 1313). Motions for a new trial based on the weight of the evidence are to be granted "'sparingly and with caution,' only in 'exceptional cases.'" Id. (quoting Martinez, 763 F.2d at 1313). Having considered the evidence adduced in this case, the Court cannot conclude that it preponderates heavily against the jury's verdict, or that this case is one of those "really exceptional cases" where a new trial should be granted based on the weight of the evidence. Martinez, 763 F.2d at 1313.

lc16

Copies to:
Counsel of Record